**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL REYES SANTOS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | Nos. 07-71510 <br> 07-73439 <br><br> Agency No. A072-691-537 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated cases, Miguel Angel Reyes Santos, a native and citizen

of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

order dismissing his appeal from an immigration judge's ("IJ") decision denying

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") in petition No. 07-71510, and the BIA's order denying his motion to reopen in petition No. 07-73439. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and for abuse of discretion the denial of a motion to reopen, *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). We deny in part and dismiss in part the petition for review in No. 07-71510. We grant the petition in No. 07-73439 and remand.

With respect to petition No. 07-71510, substantial evidence supports the BIA's finding that Reyes Santos' fear of criminal gang activity in Guatemala does not establish eligibility for asylum. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). We lack jurisdiction to consider Reyes Santos' contention that the IJ impermissibly relied on the absence of past persecution to conclude he did not establish a well-founded fear or a clear probability of future persecution because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). In addition, Reyes Santos failed to exhaust his contentions that he is a member of a particular social group comprised of ex-civil patrol members or Guatemalans likely to be victims of criminal gangs. *See id*.

07-71510/07-73439

Because Reyes Santos failed to establish eligibility for asylum, it necessarily follows that he failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Reyes Santos did not show it is more likely than not he will be tortured by or with the acquiescence of government officials if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

With respect to petition No. 07-73439, the BIA abused its discretion in denying Reyes Santos' motion to reopen because the BIA required corroboration to establish prima facie eligibility for relief. *See Bhasin*, 423 F.3d at 986-87 (corroboration not required for motion to reopen where petitioner was found credible and supporting affidavit was not "inherently unbelievable"). Accordingly, we grant the petition for review in No. 07-73439, and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The parties shall each bear their own costs on appeal.

**No. 07-71510: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 07-73439: PETITION FOR REVIEW GRANTED; REMANDED.**